Datis, J.,
delivered the opinion of the couit:
The claimant brings this suit for the recovery of the proceeds of 282 bales of cotton which he alleges were his property in *290 December, 1864, and were then seized by tbe military forces of the United States. The proof showed that he was a warehouseman, who had in his store 282 bales, of which only a portion was his property, and who had made advances for freight, insurance, and other charges against the cotton held by him as factor, and had a factor’s lien upon it for advances and storage. The controversy turned upon the number of bales of which he was owner, and upon the amount of the lien. The first question is one purely of fact, and is settled in the findings. The second involves a single question of law — the sufficiency of the proof to warrant the court in finding any amount of damages on this head.
The claimant offered no direct evidence as to the amount of the advances, or as to the nature of the other charges, except that some of them were for rebaling, or as to the length of time during which the cotton was stored, or as to the worth of the storage. Although it appeared affirmatively that his account books as warehouseman were in his possession or subject to his control, they were not produced or referred to. The claimant relied entirely as to this point upon the evidence of a clerk in his employ at the time when the transactions took place, who stated that, “as a merchant having knowledge of such matters,” it was his opinion that “ it would take 10 per cent, to pay the charges” on said cotton.
In our opinion in the recent case of the Atchison, Topeka and Santa Fé Bailroad Company, we had occasion to consider the principles upon which courts receive the testimony of experts. Eeferring to that statement of our views, it i s sufficient to say that no foundation is laid in the present case for receiving such testimony. Outlays for insurance, freight, rebaling, and similar charges are susceptible of specific proof, and are also ordinarily made the subject of cotemporaneous entries in account-books, which can be used at least as a means of refreshing recollection.
These disbursements were undoubtedly made in Confederate currency, and, as the court said in Villalonga's Case (10 C. Cls. R., 430), they must be reduced to United States currency before judgment can be given for the claimant, and there is no evidence on this point.
The customary rate or the ordinary worth or storage is the only one of these items which, so far as appears, can be proved *291 by tbe testimony of a person familiar with tbe business. Tbe claimant bas failed to prove this specifically. On tbe whole of this branch of bis case be fails to prove tbe amount of bis damage. We must therefore regard itfas damnum, absque injurid.
Judgment will be entered for tbe claimant for $1,753.30.
Hunt, was absent when this case was tried, and took no part in tbe decision.